UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE MAYO JR., <br><br> Plaintiff, <br><br> -against- <br><br> LATASHA P. MAYO; JANELLE HYER-SPENCER; JANE DOE, <br><br> Defendants. | 1:23-CV-3175 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Maurice Mayo Jr., who is currently incarcerated in the Mohawk Correctional Facility, filed this *pro se* action invoking the court's federal question jurisdiction. He names as defendants: (1) Janelle Hyer-Spencer, of Staten Island, New York; (2) Latasha P. Mayo, of Elgin, Texas; and (3) an unidentified defendant known as "Jane Doe known to Family Court Record of Proceeding," of Staten Island, New York. (ECF 1, at 4.) For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be

sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Because Plaintiff does not allege that any of the defendants resides within this federal judicial district,[1] and because he alleges that not all of the defendants reside within the State of New York (he alleges that one of the defendants resides in the State of Texas), this court is not a proper venue for this action under Section 1391(b)(1). Because Plaintiff does allege that the events that are the bases for his claims occurred on Staten Island, Richmond County, New York (*see* ECF 1, at 5), however, which lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a federal civil action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose on Staten Island, Richmond County, New York, which lies within the Eastern District of New York. *See* § 112(c). Accordingly, venue lies in the Eastern District of New York, *see* § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be

---

[1] This federal judicial district – the Southern District of New York – includes the following counties within the State of New York: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

2

permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 21, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                    Chief United States District Judge