UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE MAYO, JR., <br><br> Plaintiff, <br><br> v. <br><br> LATASHA P. MAYO; JANELE HYER-SPENCER, *Magistrate Judge*; and JANE DOE, <br><br> Defendants. | No. 1:23-cv-03370-NRM <br><br> Memorandum and Order |

**NINA R. MORRISON**, United States District Judge:

*Pro se* plaintiff Maurice Mayo, Jr., who is incarcerated at Mohawk Correctional Facility, filed the instant Complaint on April 14, 2023 in the United States District Court for the Southern District of New York.  ECF No. 1.  The action was transferred to this Court on April 21, 2023.  ECF No. 3.  Plaintiff's request to proceed *in forma pauperis*, ECF No. 2, is granted for the purpose of this order.  For the reasons that follow, the Complaint is dismissed.

## BACKGROUND

The Complaint alleges that Plaintiff is the biological father of a child, "MM," as established by a DNA test and an Order of Filiation entered by Defendant Janele Hyer-Spencer, a Magistrate in the Family Court of the State of New York, Richmond County.  ECF Nos. 1 at 5, 7 at 2.  Plaintiff states that he sought a copy of the child's birth certificate from a Texas office of vital records and was refused.  ECF No. 1 at 5.  He asserts that Defendant Jane Doe also withheld this document.

1

*Id.* at 6. Plaintiff claims that the child's mother, Defendant Latasha P. Mayo, "allowed someone to sign my daughter[']s birth certificate to illegally terminate my rights which is also kidnapping and harboring a minor." *Id.*

Plaintiff asserts the Court's jurisdiction over his claims alleging "due process, jurisdiction violation, parental and visitation rights as a parent (father) kidnapping." *Id.* at 2. In his claim for relief, Plaintiff seeks the following:

1. that federal criminal charges be brought against all Defendants
2. custody of his daughter
3. his name be placed on the birth certificate
4. $7 million in damages for lost time with his child, as well as pain and suffering
5. an order vacating the child support order
6. reinstatement of his driver's license

*Id.* at 6. In subsequent letters filed with the Court, Plaintiff provides additional details. Plaintiff alleges that the child was born in Texas, which issued the birth certificate. ECF No. 7 at 1. Plaintiff and Latasha Mayo were in intermittent contact until the child was two years old. *Id.* at 2. At that time, Plaintiff was ordered by a court "to participate in a D.N.A. test to establish paternity, which was <u>clearly</u> established by means of D.N.A. test." *Id.* The Order of Filiation was entered on October 26, 2016. *Id.* at 2, 6-8. The magistrate "submitted a support order in conflict with my parental & visitation rights to my child." ECF No. 8 at 1. Plaintiff asked for the birth certificate, and Jane Doe, who "was acting as a representative for Latasha Mayo and was also in possession of the birth certificate," refused to provide it to Plaintiff. ECF No. 7 at 2-3; ECF No. 8 at 2. Hyer-Spencer did not assist Plaintiff in accessing it. ECF No. 7 at 3. When

2

Plaintiff filed a motion seeking parental rights and visitation in the Staten Island Family Court, the court dismissed his case for lack of jurisdiction. *Id.* at 3-4; ECF No. 8 at 2. Plaintiff requested the birth certificate from the Texas vital records department and was told that there was no birth certificate with his name on it. ECF No. 8 at 2. Plaintiff further asserts that "[w]ithout this document having my name I was unable to secure my rights. . . . With this action taking place my parental & visitation rights were violated and this simultaneously became parental kidnapping as I was made financially responsible without my right to the child." *Id.* at 2-3. Plaintiff attaches a copy of the October 26, 2016 Order of Filiation from the Family Court of the State of New York, County of Richmond, establishing his paternity. ECF No. 7 at 6-8. The Order does not address child support or custody.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if

feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or . . . employee of a governmental entity." 28 U.S.C. § 1915A. Moreover, 28 U.S.C. § 1915(e)(2)(B) requires that a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." Moreover, the party bringing the action must demonstrate that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

## DISCUSSION

In this case, Plaintiff has not alleged a valid basis for this Court's jurisdiction over his claims.

### A. Criminal Charges

Plaintiff states that he wants to bring federal charges against the defendants and claims that their actions amount to "kidnapping and harboring a minor." ECF No. 1 at 6. However, private citizens do not have the power to instigate

4

prosecutions of alleged crimes. The decision to investigate or prosecute a person for an alleged violation of a criminal statute is left to the discretion of law enforcement agencies. *See United States v. Armstrong,* 517 U.S. 456, 464 (1996) (noting that the decision whether or not to prosecute, and what charge to file or bring before a grand jury rests entirely in the prosecutor's discretion). It is settled law that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *see Weisshaus v. New York,* No. 08-CV-4053, 2009 WL 2579215, at *3 (S.D.N.Y. Aug. 20, 2009) ("Where a crime victim brings suit contesting the non-prosecution of the alleged perpetrator, courts have found that the victim lacks standing to do so."). Accordingly, this Court may not compel the prosecuting authorities to commence an investigation or prosecution of private individuals.

**B. Civil Rights Claims**

Plaintiff may be trying to assert a constitutional claim by invoking due process and parental rights under the Fourteenth Amendment. However, even if he had identified any violation of his constitutional rights, he cannot bring these claims against the named defendants.

Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Forrester v. White,* 484 U.S. 219, 225 (1988). The absolute judicial immunity of the

5

court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles,* 502 U.S. at 11, 13 (citations and quotation marks omitted). The Federal Courts Improvement Act of 1996 extends judicial immunity to most actions seeking prospective injunctive relief. Specifically, that Act provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *see, e.g., Huminski v. Corsones,* 396 F.3d 53, 74 (2d Cir. 2005).

In this case, Plaintiff's claims against Magistrate Hyer-Spencer are based on her entry of an Order of Filiation and the Family Court's dismissal of his paternity and visitation claims for lack of jurisdiction. These orders are official judicial acts. Plaintiff has not alleged that the magistrate acted without jurisdiction in a civil matter assigned to her docket. Plaintiff also has not alleged that a declaratory decree was violated or that declaratory relief was unavailable in state court, and thus judicial immunity extends to his claims for injunctive relief, as well as his claims for damages. For these reasons, Plaintiff's claims for damages and injunctive relief against Magistrate Hyer-Spencer are dismissed on the basis of judicial immunity, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 28 U.S.C. § 1915A(b)(2).

Plaintiff's civil rights claims against Latasha Mayo and the unidentified Jane Doe must also be dismissed. A plaintiff may bring claims for violations of constitutional rights under 42 U.S.C. § 1983, which provides procedures for redress for the deprivation of civil rights. In order to maintain a civil rights action under § 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). Defendants Latasha Mayo and Jane Doe[1] appear to be private individuals who cannot be held liable for violations of constitutional rights under 42 U.S.C. § 1983. Accordingly, Plaintiff's possible civil rights claims against these Defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

---

[1] From the context of Plaintiff's Complaint, it appears that Jane Doe may be an attorney representing Latasha Mayo. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[C]ourt-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.").

### C. Child Support and Custody Claims

Plaintiff asks this court to issue orders that vacate a child support order and give him custody of his daughter. He does not establish this Court's jurisdiction to act in these matters. Generally, federal courts should abstain from exercising federal-question jurisdiction over claims in which they are "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts."); *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018) ("Family law, after all, is an area of law that federal courts and congress leave almost exclusively to state law and state courts.").

Moreover, to the extent Plaintiff wants this Court to vacate a child support order that was already entered in a state court, his request is precluded by the *Rooker-Feldman* Doctrine. This principle, growing out of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), holds that federal district courts lack subject-matter jurisdiction to hear cases brought by litigants who lost in state court and are "complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 281 (2005). "[A] plaintiff's request that this Court review and overturn a decision by a New

York Family Court concerning the amount of child support that he or she owes is barred by that doctrine." *Ganiyu v. Lopez*, No. 1:19-CV-11605 (LLS), 2020 WL 1467356, at *3 (S.D.N.Y. Mar. 25, 2020) (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013) (*Rooker-Feldman* bars challenges to the validity of child support orders but not to claims related to the enforcement of levies to pay such orders); *Davis v. Westchester Cnty. Family Court*, No. 16-CV-9487, 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) ("Courts have repeatedly invoked *Rooker-Feldman* in cases in which plaintiffs challenge family court decrees setting child support arrears." (citations omitted)). To the extent that Plaintiff's driver's license may have been suspended for failure to pay child support arrears ordered by state courts, that claim, too, is barred.[2] *Ganiyu*, 2020 WL 1467356, at *3.

Plaintiff's request for injunctive relief is also precluded by the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See, e.g.*, *Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972); *Komatsu v. City of New York*, No. 20-CV-6510 (LLS), 2020 WL 8641274, at *7 (S.D.N.Y. Oct. 22, 2020) ("The Act 'is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act.'") (quoting *Vendo Co. v. Lektro-*

---

[2] Plaintiff has not explained why his driver's license was suspended or proposed any jurisdictional grounds for this Court to order reinstatement.

9

*Vend. Corp.*, 433 U.S. 623, 630 (1977). This provision applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970). Here, where Plaintiff expressly seeks injunctive relief vacating state court support orders, this relief is barred by the Anti-Injunction Act.

For all of these reasons, Plaintiff's claims related to child support and custody are dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, solely for purposes of this Order. For the reasons stated above, the case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and Fed. R. Civ. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall close this case and enter judgment and mail a copy of this Order to Plaintiff.

SO ORDERED.

        */s/ NRM*
NINA R. MORRISON
United States District Judge

Dated:    August 29, 2023
            Brooklyn, New York